Argued October 26, 1965, affirmed January 19, 1966

# DIAMOND FRUIT GROWERS, INC. *v.* GOE CO. ET AL

409 P. 2d 909

*Douglas A. Wilson,* Yakima, Washington, argued the cause for appellants. With him on the brief were Parker & Abraham, Hood River.

*Edwin J. Peterson,* Portland, argued the cause for respondent. With him on the brief were Wayne C. Annala, Hood River, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, LUSK and SCHWAB, Justices.

PERRY, J.

The plaintiff Diamond Fruit Growers, a cooperative association, brought this suit against the defendants to have a standard cooperative growers contract entered into with Goe Brothers, a partnership consisting of Joe, Merle and Donald Goe, specifically enforced.

The trial court entered its decree enforcing the provisions of the contract, and the defendants appeal.

The record discloses that the partnership was the owner of four separate parcels of land upon which fruit was produced; that on September 4, 1957, the partnership and the individual members of the partnership entered into a growers contract with the plaintiff association. This contract provided that:

> "The said Grower hereby transfers and agrees to deliver to the Association his entire crop of merchantable apples, pears, strawberries and other fruit for the year 1957 and every year thereafter, continuously, provided that the Grower may cancel this contract on March 31st of any year by giving written notice to the Association on or before

March 20th of such year that he desires the same cancelled, and delivering his copy of the contract to the Association and paying any indebtedness due to the Association from the Grower. The failure of the Grower to so notify the Association and comply with the provisions aforesaid shall operate to continue this contract in force until such notification shall be given at the proper time, and other stipulations aforesaid shall likewise be complied with."

Subsequently, and on the 4th day of February, 1963, a corporation known as "Goe Co." was organized by the Goe brothers and all of the real property except one parcel was conveyed by the partnership to the corporation. On February 28, 1963, the partnership notified the plaintiff association that they had sold the other three parcels of land and as to these properties the marketing agreement would no longer be recognized.

After the formation of the corporation and the transfer of the three parcels of land from the partnership to the corporation, the real property was managed and operated in exactly the same manner by the Goe brothers as they had under the partnership, and the income therefrom was used to pay personal bills of the brothers as they had done when operating as partners.

■ The trial court found "that the principal purpose of forming the corporation and transferring the partnership interest in three of the four partnership ranches to the corporation was to avoid the obligation to market through the Plaintiff as required in the contract of September 4, 1957." With this finding we agree.

■■ Since the trial court held in effect that the cre-

ation of the corporation was but a subterfuge to avoid the marketing contract, and we agree, this case is governed by the rules of law set forth in *Dairy Coop. Ass'n. v. Brandes Cry.,* 147 Or 488, 30 P2d 338, to the effect that a court of equity will look through the form of the transaction to the substance and enforce the contract sought to be avoided. See also *Abbott v. Bob's U-Drive et al.,* 222 Or 147, 352 P2d 598, 81 ALR2d 793.

The decree of the trial court is affirmed.