NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. MARSHALL; KAREN M. MARSHALL, Transferees, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 17-72955 <br><br> Tax Ct. No. 28782-11 <br><br> MEMORANDUM[*] |
| MARSHALL ASSOCIATED, LLC, Transferee, <br><br> Petitioner-Appellant, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 17-72958 <br><br> Tax Ct. No. 28661-11 |
| ESTATE OF RICHARD L. MARSHALL, DECEASED, Patsy L. Marshall, Personal Representative; PATSY L. MARSHALL, | No. 17-72960 <br><br> Tax Ct. No. 27241-11 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

Appeals from Decisions of the
United States Tax Court

Argued and Submitted July 11, 2019
Portland, Oregon

Before: TASHIMA, GRABER, and OWENS, Circuit Judges.

Petitioners John, Karen, Richard, and Patsy Marshall ("the Marshalls") and

Marshall Associated, LLC ("MA, LLC") appeal from the Tax Court's decisions on

their petitions challenging notices of transferee liability regarding unpaid taxes by

Marshall Associated Contractors, Inc. ("MAC"). We have jurisdiction under 26

U.S.C. § 7482. We review the Tax Court's conclusions of law de novo and its

factual findings for clear error. *Slone v. Comm'r*, 810 F.3d 599, 604 (9th Cir.

2015) (*Slone I*). We affirm.

1.      The Tax Court properly held that the Marshalls and MA, LLC are

liable for MAC's unpaid taxes under 26 U.S.C. § 6901 and the Oregon Uniform

Fraudulent Transfer Act ("OUFTA"). *See id.* at 604-05 (setting forth two-pronged

*Stern* test).

For the state-law prong, the Tax Court properly determined that, under OUFTA, the multiple steps in the transaction through which the Marshalls sold their MAC stock could be "collapsed" and deemed a "transfer" from MAC to the Marshalls if the Marshalls had at least constructive knowledge that MAC's taxes would not be paid. *See* Or. Rev. Stat. §§ 95.200(12) (defining "[t]ransfer" broadly as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset"), 95.290 (providing that "the principles of . . . equity" supplement OUFTA's provisions), 95.300 (providing that OUFTA "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of [OUFTA] among states enacting it"); *Slone v. Comm'r*, 896 F.3d 1083, 1085-88 (9th Cir. 2018) (*Slone II*) (holding that a similar stock sale could be collapsed under the comparable Arizona UFTA if the former shareholders had at least constructive knowledge of the tax-avoidance purpose), *cert. denied*, 139 S. Ct. 1348 (2019); *Diamond Fruit Growers, Inc. v. Goe Co.*, 409 P.2d 909, 910 (Or. 1966) (holding that a court of equity may "look through the form of the transaction to the substance").

The Tax Court did not clearly err in finding that the Marshalls had at least constructive knowledge that MAC's taxes would be unpaid following the stock sale. *See Mark v. State ex rel. Dep't of Fish & Wildlife*, 84 P.3d 155, 163 (Or. Ct.

App. 2004) (holding that, under Oregon law, "[c]onstructive knowledge exists when a person is aware of 'information as would lead a prudent man to believe that the fact existed, and that if followed by inquiry must bring knowledge of the fact home to him'" (citation omitted)); *see also Slone II*, 896 F.3d at 1087-88.

In addition, the "transfer" from MAC to the Marshalls and MA, LLC was constructively fraudulent under OUFTA because the federal tax claim arose before the stock sale, MAC did not receive "a reasonably equivalent value in exchange," and MAC was left insolvent. Or. Rev. Stat. § 95.240(1).

For the federal-law prong, the Tax Court properly determined, looking through the form of the MAC stock sale to its substance, that it lacked any business purpose other than tax avoidance and that the transaction lacked any economic substance other than the creation of tax benefits. *See Slone I*, 810 F.3d at 605-06; *see also Slone II*, 896 F.3d at 1086.

2.      The Tax Court also properly determined the amount owed by the Marshalls and MA, LLC. The Tax Court did not clearly err in finding that the Marshalls failed to show that MAC's tax liability should be reduced by refreshing MAC's expired net operating losses. *See Boyd Gaming Corp. v. Comm'r*, 177 F.3d 1096, 1098 (9th Cir. 1999) ("The determination that a taxpayer failed to produce sufficient evidence to support a deduction constitutes a factual finding subject to the 'clearly erroneous' standard of review." (citation omitted)).

4

Further, the Tax Court properly determined that, under Oregon law, the Marshalls are liable for pre-notice interest. *See* Or. Rev. Stat. § 82.010(1)(a) (providing that interest is payable on "[a]ll moneys after they become due"); *Strawn v. Farmers Ins. Co. of Or.*, 297 P.3d 439, 458 (Or. 2013) (noting that the justification for interest under Or. Rev. Stat. § 82.010(1)(a) is that "[o]nce due, the debtor has the use of money to which the debtor is not entitled, while the delay in payment deprives the creditor of that use").

Finally, the Tax Court did not improperly double count the noncash assets as a transfer to both the Marshalls and MA, LLC because they are jointly and severally liable for MAC's unpaid tax liabilities and the noncash assets will be considered only once in collecting against the Marshalls and MA, LLC. *See* Or. Rev. Stat. § 95.270(2) (generally limiting transferee liability to "the value of the asset[s] transferred").

**AFFIRMED**.